## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2020, 11:07 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Hanson
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sidney A. Berry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 29, 2020

Court of Appeals Case No.
19A-CR-2825

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1604-F4-29

**Pyle, Judge.**

## Statement of the Case

Sidney Berry ("Berry") appeals the aggregate ten-year sentence imposed after a jury convicted him of Level 4 felony possession of cocaine[1] and Class B misdemeanor possession of marijuana.[2] His sole argument is that his sentence is inappropriate in light of the nature of his offenses and his character. Concluding that the ten-year sentence is not inappropriate, we affirm the trial court.

We affirm.

## Issue

Whether Berry's sentence is inappropriate.

## Facts

In March 2016, during a search for officer safety, a Fort Wayne Police Department detective discovered 10.4 grams of cocaine and 5.5 grams of marijuana in Berry's possession. The State charged Berry with Level 4 felony possession of cocaine and Class B misdemeanor possession of marijuana.

Berry was released on bond but failed to appear in court for a September 2016 hearing. Eighteen-months later, in March 2018, a bail agent learned that Berry was incarcerated in Ohio for allegedly committing three felony offenses,

---

[1] IND. CODE § 35-48-4-6.

[2] I.C. § 35-48-4-11.

including failing to comply with a police officer's order or signal, tampering with evidence, and possessing criminal tools.

[5] Berry returned to Indiana, and the jury trial for the two drug possession charges began in October 2019. At trial, a Fort Wayne Police Department detective testified that based on his training and experience, 10.4 grams of cocaine was a large quantity, which represented about 50 individual uses. The jury convicted Berry of both possession charges.

[6] At Berry's November 2019 sentencing hearing, a review of Berry's pre-sentence investigation report revealed that Berry had a criminal history that included two prior felony convictions for assault and intimidating a witness or crime victim and one prior misdemeanor conviction for failing to appear. In addition, Berry had twice had his probation revoked.

[7] At the end of the sentencing hearing, the trial court found no mitigating factors. However, the trial court found several aggravating factors, including Berry's: (1) prior criminal history that included one misdemeanor and two felony convictions; (2) probation revocations; and (3) absconsion while on bond, which showed a disdain for the trial court. The trial court concluded that "all of the facts and circumstances push[ed] [Berry] above the advisory sentence," and sentenced him to ten (10) years in the Department of Correction for the Level 4 felony, with one (1) year suspended to probation. (Tr. at 206). The trial court further sentenced Berry to sixty(60) days in the Allen County Jail for the Class B misdemeanor conviction. Lastly, the trial court ordered the

sentences for the two convictions to run concurrently to each other, for an aggregate sentence of ten (10) years.

[8] Berry now appeals his sentence.

# Decision

[9] Berry argues that his sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[10] The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Id.* at 1222. "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[11] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Berry was convicted of a Level 4 felony and a Class B misdemeanor. The sentencing range for a Level 4 felony is two (2) to twelve (12) years, and the advisory sentence is six (6) years. IND. CODE § 35-50-2-5.5. The maximum sentence for a Class B misdemeanor is one-hundred and eighty (180) days. IND. CODE § 35-50-3-3. Here, the trial court sentenced Berry to ten years for the Level 4 felony and to sixty days for the Class B misdemeanor. The trial court further ordered the sentences to run concurrently to each other, for an aggregate sentence of ten years.

[12] Regarding the nature of the offense, Berry possessed 10.4 grams of cocaine, which, according to the detective on the case, constituted fifty individual uses. He also possessed 5.5 grams of cocaine. Regarding Berry's character, we note that he absconded while on bond in this case and agree that his absconsion showed a disdain for the trial court. A bail agent found Berry incarcerated in Ohio for allegedly committing three additional felonies. In addition, Berry's criminal history includes two felony convictions for assault and intimidating a witness or a crime victim and a misdemeanor conviction for failing to appear. Berry's probation was also revoked two times. Berry's former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*. Berry has failed to persuade this Court that his ten-year sentence is inappropriate.

[13]    Affirmed.

Bradford, C.J., and Baker, J., concur.